UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| VITOL S.A.<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TADEMA SHIPPING & LOGISTIC, INC.,<br>TALEVERAS PETROLEUM TRADING BV and<br>TALEVERAS PETROLEUM TRADING DMCC,<br><br>　　　　　　　Defendants. | CASE NO.<br><br>**VERIFIED COMPLAINT** |

Plaintiff Vitol S.A. ("Plaintiff" or "Vitol"), as and for its Verified Complaint against Defendants Tadema Shipping & Logistic, Inc. ("Tadema"), Taleveras Petroleum Trading BV ("Taleveras BV") and Taleveras Petroleum Trading DMCC ("Taleveras DMCC"), alleges upon information and belief as follows:

### Jurisdiction and Venue

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Supplemental jurisdiction exists over Plaintiff's cause of action pursuant to 10 Del. C. § 3507 because the claims asserted in that cause of action are so related to the claims asserted in this action under the Court's original jurisdiction that they form the same case or controversy under Article III of the United States Constitution.

2. Defendants cannot be found within this District within the meaning of Supplemental Admiralty Rule B.

3. Venue is properly situated in this District because Defendants' property is, or soon will be, in the possession, custody, and control of Garnishees within this District.

01:21243660.1

## The Parties

4. Plaintiff Vitol was and is a foreign business entity duly organized and existing under the laws of a foreign country with an address and principal place of business in the Switzerland.

5. At all times relevant to this action, Defendant Tadema was and still is a foreign business entity organized and existing under the laws of Anguilla and had its principal place of business at 212, Long Path Road, Suite 29, Anguilla, BVI.

6. At all times relevant to this action, Defendant Taleveras BV was a foreign business entity organized under the laws of Anguilla with a registered office at 212 Long Path Road, Suite 29, Anguilla, BVI.

7. At all times relevant to this action, Defendant Taleveras Petroleum DMCC was and still is a foreign business entity organized under the laws of Dubai with a registered office at Level 27 Office E, PO Box 124117, Jumeirah Lakes Towers, Dubai UAE.

## Background

A. **The M/T FUTURA Charter Party.**

11. On July 24, 2015, Tadema, as charterers, and non-party Mansel Ltd. ("Mansel") as disponent owners, entered into a charter party for the M/T FUTURA (the "Futura Charter Party"). A copy of the Futura Charter Party is attached as **Exhibit 1**.

12. Tadema's performance under the Futura Charter Party was "always guaranteed" by "Taleveras Petroleum Trading" (*i.e.*, Taleveras BV/Taleveras DMCC). *See* **Exhibit 1**.

13. During performance of the Futura Charter Party, Tadema/Taleveras BV/Taleveras DMCC incurred significant freight, demurrage, additional war risk insurance premium, shifting expenses, and crew bonus payments in an amount totaling $403,966.48.

14. Despite having rendered its invoice for the above items, the full amount of $403,966.48 remains due and owing under the terms of the Futura Charter Party (the "Futura Outstanding Amounts").

15. Pursuant to a deed of assignment dated September 12, 2016, Mansel assigned all "rights, title, interest and benefit in and to ("the Futura Charter Party") to Vitol. A copy of the deed of assignment is attached as **Exhibit 2**.

16. Despite due demand, Tadema/Taleveras BV/Taleveras DMCC have refused or otherwise failed to pay the Futura Outstanding Amounts due and owing to Vitol pursuant to the Futura Charter Party.

17. The Futura Charter Party is governed by English Law. Therefore, the Futura Outstanding Amounts due and owing to Vitol from Tadema/Taleveras BV/Taleveras DMCC are subject to the U.K. Late Payment and Commercial Debts (Interest) Act, 1998 as amended by the Late Payment Commercial Debts Regulations Act 2002, which provides that a statutory interest rate of 8% per annum plus the Bank of England base rate at 0.25% attaches to all commercial debts.

18. As such, the Futura Outstanding Amounts are subject to interest at the rate of 8.25% per annum under the governing law. With statutory interest included, as of this date, the total of the Futura Outstanding Amounts rises to $436,198.02.

B. **The M/T UZAVA Sales Contract.**

19. On March 10, 2014, Vitol, as seller, and Taleveras BV c/o Taleveras DMCC, as buyer, entered into a contract for the sale of approximately 39,600 metric tons of Unleaded Gasoline (the "Uzava Contract"). The terms of the Uzava Contract were CIF Lagos, meaning that Vitol, as seller, was required to deliver the cargo on board a vessel with the costs and freight paid to transport the cargo from Houston, Texas to Lagos, Nigeria, the place of delivery.

20. To satisfy its obligations Vitol chartered the M/T UZAVA to act as the delivering vessel under the Uzava Contract.

21. The Uzava Contract provided, in pertinent part, that "BUYER SHALL BE RESPONSIBLE FOR DEMURRAGE INCURRED AT THE DISCHARGE STS [ship to ship transfer] LOCATION AND SHALL BE ALLOWED A LAYTIME ALLOWANCE OF 36 HOURS." *See* **Exhibit 2** at p. 8. Further to this point, the Uzava Contract also stated "LAYTIME AND DEMURRAGE TERMS AND CONDITIONS TO APPLY AS PER DELIVERING VESSEL CHARTER PARTY." *Id.*

22. While the M/T UZAVA was discharging at Lagos, the discharge port, the vessel incurred $196,333.33 in demurrage (the "Uzava Outstanding Amounts" and, collectively with the Futura Outstanding Amounts, the "Total Outstanding Amounts"). Under the terms of the Uzava Contract, such demurrage was for the account of Taleveras BV c/o Taleveras DMCC. *See* **Exhibit 2** at p. 8.

23. Despite due demand, Taleveras BV/Taleveras DMCC have refused or otherwise failed to pay the Uzava Outstanding Amounts to Vitol.

24. The Uzava Contract is governed by English Law. Therefore, the Uzava Outstanding Amounts due and owing to Vitol from Taleveras BV/Taleveras DMCC are subject to the U.K. Late Payment and Commercial Debts (Interest) Act, 1998 as amended by the Late Payment Commercial Debts Regulations Act 2002, which provides that a statutory interest rate of 8% per annum plus the Bank of England base rate at 0.25% attaches to all commercial debts.

25. As such, the Uzava Outstanding Amounts are subject to interest at the rate of 8.25% per annum under the governing law. With statutory interest included, as of this date, the total of the Uzava Outstanding Amounts rises to $236,760.51.

26. In an email dated March 25, 2016, Chris Manchett of Taleveras BV/Taleveras DMCC/Taleveras Group admitted to Vitol that both the Futura Outstanding Amounts and the Uzava Outstanding Amounts were "undisputed." A copy of this email is attached as **Exhibit 3**.

### Count I: Maritime Attachment and Garnishment under Rule B

27. Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment so that it may obtain security for its claims against Tadema, Taleveras BV and Taleveras DMCC, neither of which have paid or provided security in response to Plaintiff's multiple and continued demands.

28. Tadema, Taleveras BV and Taleveras DMCC cannot be found within this district within the meaning of Rule B, but are believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District.

29. The Total Outstanding Amounts currently equal $672,958.53.

30. Statutory interest continues to run at the rate of .0226%/per day.

01:21243660.1

5

31. Additionally, Plaintiff expects to incur a minimum of $110,000 in legal fees and costs in initiating and prosecuting actions against Tadema/Taleveras BV/Taleveras DMCC in the English High Court to recover both the Futura Outstanding Amounts and the Uzava Outstanding Amounts, as well as a minimum of $50,000 in legal fees and costs in prosecuting and maintaining the instant Rule B action and enforcement of the English Judgments once obtained.

32. Including further statutory interest for a period of two years ($111,038.16) and together with the anticipated amount of legal fees and costs to be incurred in future English High Court proceeding and the instant action, the total amount of Plaintiff's claim to be attached as security rises to $943,996.69.

### Count II: Attachment under 10 Del. C. § 3507

33. Plaintiff incorporates paragraphs 1-32 above as if fully set forth herein.

34. None of Defendants Tadema, Taleveras BV or Taleveras DMCC was created by or exists under the laws of Delaware.

35. Plaintiff possesses a valid cause of action against Tadema/Taleveras BV/Taleveras DMCC for breach of the Futura Charter Party which exceeds USD $50. Plaintiff also possesses a valid cause of action against Taleveras BV/Taleveras DMCC for breach of the Uzava Contract in an amount exceeding USD $50.

36. Plaintiff is therefore entitled to a writ of foreign attachment against all goods, chattels, rights, credits, moneys, effects, lands, tenements, and debts of Defendants Tadema, Taleveras BV and Taleveras DMCC pursuant to Del. C. §§ 3507-3508.

WHEREFORE, Plaintiff prays:

a. That process in due form of law according to the practice of this Court may issue against the Defendants, citing them to appear and answer the foregoing, failing which default may be taken;

b. That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including $943,996.69 be restrained and attached, including, but not limited to any cargo, cash, funds, escrow funds, credits, debts, transfers, accounts and/or letters of credit, of, belonging to, due or for the benefit of Defendants in the hands of certain garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That all tangible and intangible property of Defendants up to and including $943,996.69 be restrained and attached, including, but not limited to any goods, chattels, rights, credits, moneys, effects, lands, debts and tenements, of, belonging to, due of for the benefit of Defendants in the hands of certain garnishees who may be served with a copy of the Writ of Attachment pursuant to 10 Del. C. § 3507;

d. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of Process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to FED. R. CIV. P. 4(c) to serve Process of Maritime Attachment and Garnishment in this action;

e. That upon attachment of the amount demanded, this Court retain jurisdiction over the matter through the entry of judgment of the pending claims including any appeals thereof, and for any further or supplemental proceedings as may be necessary; and

    f.    For such other, further and different relief as this Court may deem just and proper, including but not limited to a default with respect to any property seized in the event a timely response is not filed.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Timothy Jay Houseal*

---

Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

*Attorneys for Plaintiffs Vitol S.A.*

OF COUNSEL:
Michael E. Unger, *pro hac vice* pending
Michael J. Dehart, *pro hac vice* pending
Freehill Hogan & Mahar LLP
80 Pine Street, 25th Floor
New York, NY 10005
Tel:   (212) 425-1900
Fax:   (212) 425-1901
unger@freehill.com
dehart@freehill.com

Dated: November 18, 2016

8